UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD LOFTON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 17-CV-4100 |
| | ) |
| KEVWE AKPORE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

    This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

    The plaintiff, proceeding pro se, is currently incarcerated in the Menard Correctional Center; however, plaintiff's claims arise out Hill Correctional Center. Plaintiff alleges that the disciplinary committee refused to view exculpatory video footage prior to finding him guilty of a disciplinary infraction. During the hearing, Plaintiff stated that three (3) months of good-time credit was ultimately revoked as a result of the hearings.

    "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644-48 (1997) (*Heck* doctrine extends to prison disciplinary actions). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by

the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. If successful, Plaintiff's claims would necessarily imply the invalidity of the guilty finding in Plaintiff's disciplinary proceeding. Therefore, the Court finds that Plaintiff's claims are *Heck*-barred.

If *Heck* does not apply, Plaintiff's claims are barred by the statute of limitations. The statute of limitations in § 1983 cases arising in Illinois is two years. *See Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989). This period is tolled while Plaintiff's completes the administrative grievance process. *See Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Plaintiff alleges in his motion that he completed the administrative grievance process on April 2, 2015. Plaintiff filed suit on April 10, 2017, more than two years later.

**IT IS THEREFORE ORDERED that:**

1. The plaintiff's complaint is dismissed as Plaintiff's claims are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), or, in the alternative, by the applicable statute of limitations. Any amendment to the Complaint would be futile. All pending motions are denied as moot. Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. This case is closed.

2. This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 15th day of May, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE